# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **OLUWASHINA KAZEEM AHMED-AL-KHALIFA,** | }<br>}<br>} |
| Plaintiff, | }<br>}<br>} Case No.: 2:13-cv-01961-MHH |
| v. | }<br>} |
| **NATIONAL SECURITY AGENCY, UNITED STATES, et al.,** | }<br>}<br>} |
| Defendants. | } |

## **MEMORANDUM OPINION**

The magistrate judge who initially presided over this case has recommended that the Court dismiss plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa's ("plaintiff") claims pursuant to 28 U.S.C. § 1915(e)(2)(B) of the Prison Litigation Reform Act ("PLRA"). (Doc. 3). Section 1915 governs the circumstances under which a court may allow a prisoner to pursue a lawsuit without prepaying a filing fee. 28 U.S.C. § 1915(a)(1) ("Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."). Section 1915(e)(2)(B) requires a court that has allowed a

prisoner to proceed with a lawsuit without prepayment of a filing fee to dismiss the case if the court determines, at any time, that the prisoner's lawsuit is frivolous or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

By its plain language and by the very title of the statute - the Prison Litigation Reform Act - § 1915 governs prisoner litigation. Indeed, "Congress passed the PLRA '[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002) (quoting *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000)). In *Troville*, in deciding whether the "full payment" provision of 28 U.S.C. § 1915 applies to an individual who is civilly detained but is not a prisoner, the Eleventh Circuit held that, "the PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees" because prisoners, by definition, are "persons incarcerated for 'violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Troville*, 303 F.3d at 1260 (11th Cir. 2002) (quoting 42 U.S.C. § 1915(h)). The Court of Appeals reiterated that, "'[w]here the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.'" *Id.* at 1260 (quoting *U.S. v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998)).

Although the Eleventh Circuit held that the non-prisoner plaintiff in *Troville* did not have to pay the full appellate filing fee to secure appellate review of the district court's dismissal of his claim, the Eleventh Circuit reversed the lower court's dismissal of the plaintiff's action not because the district court accepted the magistrate judge's recommendation and dismissed the lawsuit pursuant to § 1915 (e)(2)(B) but because the district court did not give the plaintiff an opportunity to amend his complaint.  *Troville*, 303 F.3d at 1260.  Thus, the Eleventh Circuit implicitly found that a district court may use § 1915 (e)(2)(B) to screen and dismiss the complaint of a non-prisoner who the court allows to file a lawsuit without payment of a filing fee.  Federal district courts in Alabama and a number of circuit courts have held that § 1915 (e)(2)(B) applies not only to complaints that prisoners file but to all *in forma pauperis* complaints.[1]

---

[1] *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming a district court's denial of leave to proceed in forma pauperis and noting that the screening provisions of 28 U.S.C. § 1915 (e)(2)(B) are not limited to prisoners); *Atamian v. Burns*, 236 Fed. Appx. 753, 754 (3rd Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners."); *Dillard v. U.S. Dept. of Justice*, 2013 WL 754781, at *2 (N.D. Ala. Feb. 25, 2013) ("Although the plaintiff is not a prisoner, her application for leave to file the complaint *in forma pauperis* under § 1915(a) still requires to the court to review the complaint *sua sponte* under § 1915(e)(2)(B)(i)-(iii) for frivolousness, maliciousness, failure to state a claim, or stating a claim against an immune defendant."); *Robert v. Garrett*, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007) ("Despite Rober''s non-prisoner status, the Court is required to review his complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B)(i)-(iii), and *sua sponte* dismiss the complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.* In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. *See* 28 U.S.C. § 1915(e)(2).").

The plaintiff is neither a prisoner nor a civil detainee.  He is not domiciled in the United States.  Although the plaintiff is not a prisoner, it appears, based on the foregoing discussion, that the magistrate judge properly dismissed this lawsuit pursuant to § 1915 (e)(2)(B) because the plaintiff has not stated a claim on which relief may be granted.  However, the Court finds a more fundamental flaw in the plaintiff's complaint.  Based on the vague and somewhat confusing allegation in the complaint, the plaintiff has not established that he has standing to bring the claims that he asserts (assuming, for argument's sake, that they are claims that "arise under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331).  Therefore, the Court lacks subject matter jurisdiction over the plaintiff's claims and dismisses them pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  *See Austin & Laurato, P.A.  v. U.S.*, 2013 WL 5312395  (11th Cir. Sept. 24, 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy.  'It is by now axiomatic that a plaintiff must have standing to invoke the jurisdiction of the federal courts.'  It is also abundantly clear that the plaintiffs bear the burden of establishing each of the three elements comprising constitutional standing: injury in fact, causation, and redressability.  Although the government had not moved to dismiss on standing grounds, the district court correctly determined that it was 'obliged to consider questions of standing regardless of whether the parties have raised them.') (quoting

*KH Outdoor, LLC v. City of Trussville,* 458 F.3d 1261, 1266 (11th Cir. 2006), and *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 975 (11th Cir. 2005)(other citations omitted)).

Accordingly, consistent with the magistrate judge's report and recommendation, the Court finds that the plaintiff's lawsuit should be dismissed without prejudice. The Court will enter a separate order, consistent with this memorandum opinion, dismissing the plaintiff's claims.

**DONE** and **ORDERED** this 20th day of December, 2013.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE